**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
ANAHI MEJIA,

                         Plaintiffs,

       -against-

MDBH MOBILE 7 INC, CELL PHONES OF
HARLEM, INC., HIGH SPEED WIRELESS
1618 INC, 20/20 MOBILE CORP, MORIS
HASBANI and ABEDELSALAM IHMUD,

                        Defendants.
--------------------------------------------------------X

**Civil Case No.:**

**COMPLAINT**

       Plaintiff, ANAHI MEJIA ("Plaintiff"), as and for her Complaint against Defendants, MDBH MOBILE 7 INC, CELL PHONES OF HARLEM, INC., HIGH SPEED WIRELESS 1618 INC, 20/20 MOBILE CORP, MORIS HASBANI ("Hasbani") and ABEDELSALAM IHMUD ("Ihmud") (collectively, "Defendants"), respectfully allege as follows:

<u>**JURISDICTION AND VENUE**</u>

       1.     Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and the New York Codes, Rules, and Regulations, Part 142 ("Regulations"), to recover unpaid overtime compensation and for other relief.

       2.     Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

       3.     The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

1

4.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.      Plaintiff is an adult female who resides in the State of New York.

6.      Upon information and belief, MDBH MOBILE 7 INC is a domestic business corporation duly organized and existing under the laws of the State of New York.

7.      Upon information and belief, CELL PHONES OF HARLEM, INC. is a domestic business corporation duly organized and existing under the laws of the State of New York.

8.      Upon information and belief, HIGH SPEED WIRELESS 1618 INC is a domestic business corporation duly organized and existing under the laws of the State of New York.

9.      Upon information and belief, 20/20 MOBILE CORP. is a foreign business corporation  doing business in the State of New York.

10.     Upon information and belief, Hasbani is an adult male currently residing in the State of New York.

11.     Upon information and belief, Ihmud is an adult male currently residing in the State of California.

## FACTUAL ALLEGATIONS

**Defendant MDBH Mobile 7 Inc ("MDBH Mobile 7")**

12.     Upon information and belief, MDBH Mobile 7 maintains its principal place of business at 271 W 125th Street, New York, New York 10027.

13.     Upon information and belief, MDBH Mobile 7 owns and operates a cell phone store located at 271 W 125th Street, New York, New York 10027.

14.     At all times relevant to this Complaint, MDBH Mobile 7 had and continues to have employees engaged in commerce or in the production of goods and services for commerce, including Plaintiff.

15.     At all times relevant to this Complaint, MDBH Mobile 7 had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including Plaintiff.

16.     At all times relevant to this Complaint, MDBH Mobile 7 had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

17.     MDBH Mobile 7 maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices.

18.     At all times relevant to this Complaint, MDBH Mobile 7 was and is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant to this Complaint, jointly employed Plaintiff.

**Defendant Cell Phones Of Harlem, Inc. ("Cell Phones of Harlem")**

19.     Upon information and belief, Cell Phones of Harlem maintains its principal place of business at 16 West 125th Street, New York, NY.

20.     Upon information and belief, Cell Phones of Harlem owns and operates a cell phone store located at 16 West 125th Street, New York, NY.

21.     At all times relevant to this Complaint, Cell Phones of Harlem had and continues to have employees engaged in commerce or in the production of goods and services for commerce, including Plaintiff.

22.     At all times relevant to this Complaint, Cell Phones of Harlem had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including Plaintiff.

23.     At all times relevant to this Complaint, Cell Phones of Harlem had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

24.     Cell Phones of Harlem maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices.

25.     At all times relevant to this Complaint, Cell Phones of Harlem was and is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant to this Complaint, jointly employed Plaintiff.

**Defendant High Speed Wireless 1618 Inc ("High Speed Wireless")**

26.     Upon information and belief, High Speed Wireless maintains its principal place of business at 1618 Westchester Avenue, Bronx, New York.

27.     Upon information and belief, High Speed Wireless owns and operates a cell phone store located at 1618 Westchester Avenue, Bronx, New York.

28.     At all times relevant to this Complaint, High Speed Wireless had and continues to have employees engaged in commerce or in the production of goods and services for commerce, including Plaintiff.

29.     At all times relevant to this Complaint, High Speed Wireless had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including Plaintiff.

30.     At all times relevant to this Complaint, High Speed Wireless had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

31.     High Speed Wireless maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices.

32.     At all times relevant to this Complaint, High Speed Wireless was and is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant to this Complaint, jointly employed Plaintiff.

**Defendant 20/20 Mobile Corp ("20/20 Mobile")**

33.     Upon information and belief, 20/20 Mobile maintains its principal place of business at 1750 W San Bernardino Avenue, Colton, California 92324.

34.     Upon information and belief, 20/20 Mobile owns and operates a cell phone store located at 1491 Saint Nicholas Ave New York, NY 10033.

35.     At all times relevant to this Complaint, 20/20 Mobile had and continues to have employees engaged in commerce or in the production of goods and services for commerce, including Plaintiff.

36.     At all times relevant to this Complaint, 20/20 Mobile had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including Plaintiff.

37.     At all times relevant to this Complaint, 20/20 Mobile had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

38.     20/20 Mobile maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices.

39.     At all times relevant to this Complaint, 20/20 Mobile was and is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant to this Complaint, jointly employed Plaintiff.

**Defendant Moris Hasbani ("Hasbani")**

40.      At all relevant times of Plaintiff's employment with Defendants, Hasbani was an individual engaged in business within this judicial district.

41.      Upon information and belief, Hasbani was and continues to be an owner, officer, director, shareholder, and/or managing agent of MDBH Mobile 7, Cell Phones of Harlem, and High Speed Wireless.

42.      Upon information and belief, at all relevant times, Hasbani participated in running the daily operations of MDBH Mobile 7, Cell Phones of Harlem, and High Speed Wireless.

43.      Upon information and belief, at all relevant times, Hasbani participated in the management and supervision of Plaintiff and his work for MDBH Mobile 7, Cell Phones of Harlem, and High Speed Wireless.

44.      Upon information and belief, at all relevant times, Hasbani exercised operational control over MDBH Mobile 7, Cell Phones of Harlem, and High Speed Wireless, controlled significant business functions of MDBH Mobile 7, Cell Phones of Harlem, and High Speed Wireless, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of MDBH Mobile 7, Cell Phones of Harlem, and High Speed Wireless in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

45.      Upon information and belief, Hasbani participated in determining the wages and compensation of MDBH Mobile 7, Cell Phones of Harlem, and High Speed Wireless' employees, establishing the schedules of their employees, maintaining their employee records, and had the authority to hire and fire their employees, including as such practices applied to Plaintiff.

46.      Hasbani participated in the decision to hire Plaintiff.

47.     Hasbani participated in deciding the job duties that Plaintiff performed.

48.     Hasbani participated in directing Plaintiff's job duties and responsibilities.

49.     Hasbani participated in the supervision of Plaintiff's job duties and responsibilities.

50.     Hasbani participated in deciding the manner in which Plaintiff was paid.

51.     Hasbani participated in deciding the compensation Plaintiff was paid.

52.     Hasbani was responsible for ensuring Plaintiff was paid properly.

53.     At all times relevant to this Complaint, Hasbani was an employer within the meaning of the FLSA and the NYLL and, at all relevant times, jointly employed Plaintiff along with the other Defendants.

**Defendant Abedelsalam Ihmud ("Ihmud")**

54.     At all relevant times of Plaintiff's employment with Defendants, Ihmud was an individual engaged in business within this judicial district.

55.     Upon information and belief, Ihmud was and continues to be an owner, officer, director, shareholder, and/or managing agent of 20/20 Mobile.

56.     Upon information and belief, at all relevant times, Ihmud participated in running the daily operations of 20/20 Mobile.

57.     Upon information and belief, at all relevant times, Ihmud participated in the management and supervision of Plaintiff and his work for 20/20 Mobile.

58.     Upon information and belief, at all relevant times, Ihmud exercised operational control over 20/20 Mobile, controlled significant business functions of 20/20 Mobile, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of 20/20 Mobile in devising, directing, implementing, and supervising the wage and hour practices and policies relating to its employees, including Plaintiff.

59.    Upon information and belief, Ihmud participated in determining the wages and compensation of 20/20 Mobile's employees, establishing the schedules of its employees, maintaining its employee records, and had the authority to hire and fire its employees, including as such practices applied to Plaintiff.

60.    Ihmud participated in the decision to hire Plaintiff.

61.    Ihmud participated in deciding the job duties that Plaintiff performed.

62.    Ihmud participated in directing Plaintiff's job duties and responsibilities.

63.    Ihmud participated in the supervision of Plaintiff's job duties and responsibilities.

64.    Ihmud participated in deciding the manner in which Plaintiff was paid.

65.    Ihmud participated in deciding the compensation Plaintiff was paid.

66.    Ihmud was responsible for ensuring Plaintiff was paid properly.

67.    At all times relevant to this Complaint, Ihmud was an employer within the meaning of the FLSA and the NYLL and, at all relevant times, jointly employed Plaintiff along with the other Defendants.

**Plaintiff Anahi Mejia ("Plaintiff")**

68.    At all relevant times, Plaintiff was an employee of Defendants, as defined by the FLSA and the NYLL.

69.     Defendants employed Plaintiff as a retail clerk for their benefit and at their direction.

70.    Defendants employed Plaintiff from on or about April 6, 2019 until on or about March 15, 2025.

71.    Throughout her employment, Plaintiff regularly worked at the cell phone stores owned and operated by Defendants.

72.     Throughout her employment, Plaintiff's primary duties were to sell cell phones and accessories to customers and operate the cash register.

73.     Throughout her employment, Plaintiff regularly processed credit card transactions as part as selling cell phones and accessories to customers.

74.     Throughout her employment, Plaintiff generally worked six days a week from 9:30 a.m. to at least 7:30 p.m. and oftentimes later.

75.     Plaintiff was not given uninterrupted meal breaks during her shifts.

76.     Throughout her employment, Plaintiff generally worked at least 60 hours a week.

77.     Throughout her employment, Defendants paid Plaintiffs on a weekly basis in cash.

78.     From on or about April 6, 2019 through in or about May 2024, Defendants paid Plaintiff a daily rate of pay that ranged from $75.00 (an hourly equivalent of $7.50) to $110.00 (an hourly equivalent of $11.00).

79.     Beginning in or about June 2024 until the end of Plaintiff's employment, Defendants paid Plaintiff an hourly rate.

80.     During Plaintiff's employment, Defendants regularly paid her less than the New York State statutory minimum wage rate.

81.     Throughout her employment, Plaintiff was not paid overtime compensation for any hours that she worked in excess of forty (40) hours each week.

82.     Throughout her employment, Plaintiff was not paid at a rate of one and one-half times her regular rate of pay for any hours that she worked in excess of forty (40) hours each week.

83.     During Plaintiff's employment, Plaintiff regularly worked more than ten (10) hours per shift.

84.    During Plaintiff's employment, despite working more than ten (10) hours per shift, Defendants did not pay Plaintiff spread of hours compensation at a rate of one extra hour of pay at the minimum wage rate for any day in which Plaintiff worked in excess of ten (10) hours.

85.    Plaintiff was not provided with a notice and acknowledgment of payrate and pay day, or any other type of wage notice, at the time of her hiring or at any other time thereafter, as required by NYLL § 195(1).

86.    Plaintiff was not provided with complete and accurate earnings statements along with her weekly earnings, as required by NYLL § 195(3).

87.    Because Defendants did not provide Plaintiff with complete and accurate wage notice and paystubs, Plaintiff was kept in the dark about how much she should have been paid.

88.    Had Defendants provided such wage notices and statements, Plaintiff would have known that she was entitled to overtime compensation for the hours he worked in excess of forty (40) each week and could have advocated for herself and brought this lawsuit earlier to enforce her rights under state and federal law.

89.    However, because Defendants did not provide Plaintiff with complete and accurate wage notice and paystubs, Plaintiff could not rectify the situation, which resulted in her underpayment of wages.

90.    As a result of Defendants' failure to provide the required wage notices and statements, Plaintiff has incurred tangible, downstream harm.

91.    Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights.

92.     Plaintiff has been damaged by such failures in an amount to be determined at trial, including without limitation unpaid wages, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 *ET SEQ.*
### FAILURE TO COMPENSATE FOR OVERTIME

93.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

94.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

95.     Defendants were and are subject to the overtime pay requirements of the FLSA because the Corporate Defendants are each an enterprise engaged in commerce or in the production of goods for commerce.

96.     At all times relevant to this Complaint, the Corporate Defendants had, and continue to have, two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who handled retail merchandise that originated outside of the State of New York and was sold to customers in the State of New York.

97.     Upon information and belief, the gross annual volume of sales made or business done by each Corporate Defendants for 2019 through 2024 was not less than $500,000.00, individually or jointly.

98.     Additionally, Defendants were and are subject to the overtime pay requirements of the FLSA because Plaintiff was individually engaged in interstate commerce within the scope of

their job duties by processing credit card payments through companies located outside of the State of New York.

99.    At all times relevant to this action, Plaintiff has been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

100.    Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

101.    By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

102.    Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

103.    However, none of the Section 13 exemptions apply to Plaintiff because she has not met the requirements for coverage under the exemptions.

104.    Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

105.    Defendants have not acted in good faith with respect to the conduct alleged herein.

106.    As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
### ARTICLE 6 AND 19
### FAILURE TO COMPENSATE FOR OVERTIME

107.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

108.    At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

109.    Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

110.    By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

111.    By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation for the time periods in which they worked in excess of forty (40) hours a week.

112.    Plaintiff is not exempt from the overtime provisions of the New York Labor Law, because she did not meet the requirements for any of the reduced number of exemptions available under New York law.

113.    Defendants have acted willfully and have either known that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law. Defendants have not acted in good faith with respect to the conduct alleged herein.

114.    As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY SPREAD OF HOURS**

115.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

116.    As set forth herein, Plaintiff's shifts were regularly spread beyond ten (10) hours per day during her period of employment with Defendants.

117.    Defendants never paid spread of hours pay to Plaintiff as required under Part 142, section 142-2.4 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

118.    Such failure constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

119.    As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT IV**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

120.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

121.    Defendants willfully failed to furnish Plaintiff with a wage notice upon hiring, or at any time thereafter, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as her primary language, which was to contain, among other things, the rate or rates of

14

pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the regular hourly rates of pay and overtime rates of pay.

122.    Through their knowing and intentional failure to provide Plaintiff with a wage notice, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

123.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT V**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

124.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

125.    Defendants have willfully failed to provide Plaintiff with written wage statements with her wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

126.    Through their knowing and intentional failure to provide Plaintiff with wage statements, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

127.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

**COUNT VI**
**VIOLATION OF THE NEW YORK LABOR LAW**
**FAILURE TO COMPENSATE FOR MINIMUM WAGES**

128.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

129.    At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§ 2 and 651.

130.    Under New York law, an employee must be paid the statutory minimum wage rate for each hour worked. 12 N.Y.C.R.R. §§ 142-2.1.

131.    By the above-alleged conduct, Defendants failed to pay Plaintiff the statutory minimum wage rate as required by the NYLL and its attendant Regulations.

132.    Plaintiff was not exempt from the minimum wage provisions of the NYLL, because she did not meet the requirements for any of the exemptions available under New York law.

133.    As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

134.    Defendants willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law § 652.

135.    Defendants have acted willfully and either knew that their conduct violated the NYLL or have shown a reckless disregard for the matter of whether their conduct violated the NYLL.

136.    Defendants have not acted in good faith with respect to the conduct alleged herein.

137.    As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through her attorneys, The NHG Law Group, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.    Declare and find that Defendants committed one or more of the following acts:

    1.    Willfully violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

    2.    Willfully violated the provisions of the NYLL by failing to pay overtime, minimum wages and spread of hours compensation to Plaintiff;

    3.    Violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and wage statements;

B.    Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C.    Award liquidated damages under the NYLL, or alternatively the FLSA;

D.    Award interest on all NYLL overtime, minimum wages, and spread of hours compensation due accruing from the date such amounts were due;

E.    Award all statutory damages under the NYLL;

F.    Award attorneys' fees and costs incurred in prosecuting this action; and

G.    Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
      July 7, 2025                             THE NHG LAW GROUP. P.C.

_____
Victoria Spagnolo, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
vspagnolo@nhglaw.com